**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


**Michael Letourneau**

   **v.**                                                         Civil No. 03-530-B

**FedEx Ground Package System, Inc.**


**O R D E R**

Michael Letourneau worked for several years as an independent contractor delivering packages for FedEx Ground Package System, Inc. ("FedEx Ground"). FedEx Ground terminated Letourneau's contract on April 4, 2002. This prompted Letourneau to sue for breach of contract and breach of New Hampshire's Consumer Protection Statute, N.H. Rev. Stat. Ann. § 358-A.

Letourneau's contract with FedEx Ground contains an arbitration clause that requires that

> [i]n the event [FedEx Ground[1]] acts to terminate this agreement (which acts shall include any claim by [Letourneau] of constructive termination) and [Letourneau] disagrees with such termination or asserts that the actions of [FedEx Ground] are not authorized under the terms of this Agreement, then each such disagreement (but no others) shall be settled by arbitration . . . .

---

[1] Letourneau entered into the contract with a predecessor, Roadway Package System, Inc.

(D.'s Mem. Supp. Compel Arb., Ex. 2 § 12.3).  FedEx Ground invokes this provision and seeks to stay the case pending arbitration.

Letourneau offers three arguments in opposition to FedEx Ground's demand for arbitration, none of which have merit.  He first argues that his dispute with FedEx Ground is not subject to arbitration because it arises from an employment contract involving an interstate transportation worker.  See 9 U.S.C. § 1. I reject this argument for the reasons set forth in Judge Rosenblatt's well-reasoned decision in Owner-Operator Indep. Driver's Ass'n v. Swift Transp. Co., 288 F. Supp. 2d 1033, 1035 (D. Ariz. 2003).

Letourneau's second argument is that the arbitration clause does not encompass all of his claims.  He concedes that his wrongful termination claim is covered, but argues that his claims that FedEx Ground violated the contract by transferring his route and customer accounts to a third party following his termination are not subject to arbitration.  He also argues that his Consumer Protection Act claim based on the same events is not subject to arbitration.  The short answer to this argument is that all of the claims Letourneau makes are derived from his central claim

that FedEx Ground improperly terminated his contract.  Since this claim is arbitrable, the derivative claims are also arbitrable.

Letournau's third argument is that the arbitration agreement cannot be enforced because it is contrary to public policy. Letourneau bases this argument on the fact that the agreement provides that any wrongful termination claim is waived if a demand for arbitration is not made within 90 days.  The waiver provision, he argues, impermissibly shortens the statute of limitations that would otherwise apply to his claims.  Again, I disagree.  Neither New Hampshire (the forum state) nor Pennsylvania (the jurisdiction specified by the agreement's choice of law clause) bars parties from entering into agreements to shorten the period in which claims may be raised as long as such agreements are reasonable under the circumstances.  See, e.g., Wright v. Boston & Me. R.R., 81 N.H. 254, 255-56 (N.H. 1924); McElhiney v. Allstate Ins. Co., 33 F. Supp. 2d 405, 406 (E.D. Pa. 1999).  The case Letourneau cites, West Gate Vill. Ass'n v. Dubois, 145 N.H. 293 (N.H. 2000), is distinguishable because it concerned an agreement to extend the statute of limitations.  As the New York decision that the court relied on makes clear, the public policy concerns that counsel against

certain agreements to extend the statute of limitations do not apply to agreements to shorten the limitations period.  See John J. Kassner & Co. v. City of New York, 389 N.E. 2d 99 (N.Y. 1979).  There are sound reasons why the parties might want to agree on a period within which to commence an arbitration proceeding that is shorter than the statute of limitations that would otherwise apply.  Letourneau does not explain why the agreement that the parties reached in this case is unreasonable under the circumstances.  Accordingly, I reject his argument that the waiver provision renders the arbitration clause unenforceable.

   Defendant's Motion to Compel Arbitration (doc. no. 3) is granted.

   SO ORDERED.

                                   _____
                                   Paul Barbadoro
                                   Chief Judge

April    , 2004

cc:  William Aivalikles, Esq.
     Bret Gifford, Esq.